UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ALEXANDER PEREZ and
ARIANNA PEREZ,

      Plaintiffs,

 -vs-                              Case No.
                                      Hon.

GENISYS CREDIT UNION,

      Defendant.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2. This Court may take supplemental jurisdiction over any state law or common law claims set forth herein as all the claims in this lawsuit arise out of a common nucleus of operative fact.

### Venue

3. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

4. Venue is proper in the Eastern District of Michigan.

1

## Parties

5.    Alexander Perez resides in the State of New Hampshire.

6.    Alexander Perez is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

7.    Arianna Perez resides in in the State of New Hampshire.

8.    Arianna Perez is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

9.    The Defendant to this action is Genisys Credit Union ("GCU"),  a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## General Factual Allegations

10.    Mr. Perez discovered false information on one or more of his consumer reports being reported by GCU ("GCU false information") .

11.    Mr. Perez disputed the GCU false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

12. Mr. Perez requested that the credit reporting agencies reinvestigate and correct the GCU false information as envisioned by 15 U.S.C. § 1681i.

13. Mr. Perez's request for reinvestigation included sufficient information to provide actual notice that the GCU false information was inaccurate and the source of information was not reliable.

14. One or more credit reporting agencies responded to this dispute from Mr. Perez by requesting verification of the GCU false information from GCU.

15. GCU responded to the reinvestigation request by verifying the GCU false information.

16. GCU failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

17. As a result of GCU's willful failure to abide by 15 U.S.C. § 1681s-2(b), Mr. Perez has suffered and continues to suffer damages.

18. Mrs. Perez discovered false information on one or more of her consumer reports being reported by GCU ("GCU false information") .

19. Mrs. Perez disputed the GCU false information by transmitting actual notice of her dispute along with an adequate description and explanation to each of the major credit reporting agencies.

20. Mrs. Perez requested that the credit reporting agencies reinvestigate and correct the GCU false information as envisioned by 15 U.S.C. § 1681i.

21. Mrs. Perez's request for reinvestigation included sufficient information to provide actual notice that the GCU false information was inaccurate and the source of information was not reliable.

22. One or more credit reporting agencies responded to this dispute from Mrs. Perez by requesting verification of the GCU false information from GCU.

23. GCU responded to the reinvestigation request by verifying the GCU false information.

24. GCU failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

25. As a result of GCU's willful failure to abide by 15 U.S.C. § 1681s-2(b), Mrs. Perez has suffered and continues to suffer damages.

### COUNT I – Fair Credit Reporting Act

### (ALEXANDER PEREZ vs GCU)

26. Plaintiffs incorporate the preceding allegations by reference.

27. GCU was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Perez through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and

providing accurate information to the credit reporting agencies regarding that trade-line.

28. In the event that GCU was unable to verify the information which it had reported after a reasonable reinvestigation, GCU was required to advise the credit reporting agency of this fact.

29. GCU did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the GCU false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

30. GCU did not conduct a reasonable reinvestigation, and continued to report the GCU false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

31. Following dispatch of notice directly to GCU, GCU reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

32. Following the dispatch of direct notice to GCU, GCU failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

33. GCU willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Perez's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

34. In the alternative, GCU negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

35. GCU willfully refused to properly reinvestigate the inaccuracies in Mr. Perez's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

36. In the alternative, GCU negligently failed to conduct a proper reinvestigation of Mr. Perez's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

37. Mr. Perez has suffered damages as a result of these violations of the FCRA.

## COUNT II – Intentional Infliction of Emotional Distress

### (ALEXANDER PEREZ vs GCU)

38. Plaintiffs incorporate the preceding allegations by reference.

39. GCU's conduct in defaming the good name and credit of Mr. Perez constituted extreme and outrageous conduct.

40. GCU intentionally defamed the good name and credit of the Mr. Perez, and did so with reckless disregard of the possible consequences to Mr. Perez.

41. GCU's conduct in defaming the good name and credit of Mr. Perez directly and proximately caused emotional distress to the Mr. Perez.

42. Mr. Perez has suffered damages as a result of the conduct of GCU.

## <u>COUNT III – Negligence</u>

## <u>(ALEXANDER PEREZ vs GCU)</u>

43. Plaintiffs incorporate the preceding allegations by reference.

44. GCU owed Mr. Perez a duty to refrain from unreasonable conduct which could foreseeably cause damage to Mr. Perez's person or property.

45. GCU's publication of false and inaccurate credit information on Mr. Perez's credit report was unreasonable.

46. Mr. Perez has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by GCU.

## <u>COUNT IV– Negligence *Per Se*</u>

## <u>(ALEXANDER PEREZ vs GCU)</u>

47. Plaintiffs incorporate the preceding allegations by reference.

48. GCU's actions in publishing false and inaccurate credit information on Mr. Perez's credit report was in violation of express duties under the FCRA.

49. Those unreasonable actions were *per* se unreasonable.

50. Mr. Perez  has suffered damages as a result of this *per se*  unreasonable publication of false and inaccurate credit information by GCU.

## COUNT  IV – Defamation by Libel

### (ALEXANDER PEREZ vs GCU)

51. Plaintiffs  incorporate the preceding allegations by reference.

52. GCU's written publications of the trade lines on Mr. Perez's credit report were false and defamatory.

53. GCU's publications were not privileged communications.

54. GCU's publications of the trade lines on Mr. Perez's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

55. The statements were *per se* defamatory.

56. Mr. Perez  has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

57. Mr. Perez  has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT  V – Malicious Statutory Libel

### (ALEXANDER PEREZ vs GCU)

58. Plaintiffs  incorporate the preceding allegations by reference.

59.  The inaccurate credit information was published with malice or ill-will.

60.  Mr. Perez  has suffered damages as a result of this malicious libel by GCU in violation of M.C.L. § 600.2911.

61.  Mr. Perez  is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### COUNT  VI – Fair Credit Reporting Act

### (ARIANNA PEREZ vs GCU)

62.  Plaintiffs incorporate the preceding allegations by reference.

63.  GCU was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mrs. Perez through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

64.  In the event that GCU was unable to verify the information which it had reported after a reasonable reinvestigation, GCU was required to advise the credit reporting agency of this fact.

65.  GCU did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the GCU false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

66. GCU did not conduct a reasonable reinvestigation, and continued to report the GCU false information  and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

67. Following dispatch of notice directly to GCU, GCU reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

68. Following the dispatch of direct notice to GCU, GCU failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

69. GCU willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mrs. Perez's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

70. In the alternative,  GCU negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

71. GCU  willfully refused to properly reinvestigate the inaccuracies in Mrs. Perez's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

72. In the alternative, GCU negligently failed to conduct a proper reinvestigation of Mrs. Perez's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

73. Mrs. Perez has suffered damages as a result of these violations of the FCRA.

### COUNT VII – Intentional Infliction of Emotional Distress

### (ARIANNA PEREZ vs GCU)

74. Plaintiffs incorporate the preceding allegations by reference.

75. GCU's conduct in defaming the good name and credit of Mrs. Perez constituted extreme and outrageous conduct.

76. GCU intentionally defamed the good name and credit of the Mrs. Perez, and did so with reckless disregard of the possible consequences to Mrs. Perez.

77. GCU's conduct in defaming the good name and credit of Mrs. Perez directly and proximately caused emotional distress to the Mrs. Perez.

78. Mrs. Perez has suffered damages as a result of the conduct of GCU.

### COUNT VIII – Negligence

### (ARIANNA PEREZ vs GCU)

79. Plaintiffs incorporate the preceding allegations by reference.

80. GCU owed Mrs. Perez a duty to refrain from unreasonable conduct which could foreseeably cause damage to Mrs. Perez's person or property.

11

81.   GCU's publication of false and inaccurate credit information on Mrs. Perez's credit report was unreasonable.

82.   Mrs. Perez  has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by GCU.

## COUNT  IX– Negligence *Per Se*

## (ARIANNA PEREZ vs GCU)

83.   Plaintiffs incorporate the preceding allegations by reference.

84.   GCU's actions in publishing false and inaccurate credit information on Mrs. Perez's credit report was in violation of express duties under the FCRA.

85.   Those unreasonable actions were *per* se unreasonable.

86.   Mrs. Perez  has suffered damages as a result of this *per se*  unreasonable publication of false and inaccurate credit information by GCU.

## COUNT  IX – Defamation by Libel

## (ARIANNA PEREZ vs GCU)

87.   Plaintiffs  incorporate the preceding allegations by reference.

88.   GCU's written publications of the trade lines on Mrs. Perez's credit report were false and defamatory.

89.   GCU's publications were not privileged communications.

90. GCU's publications of the trade lines on Mrs. Perez's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

91. The statements were *per se* defamatory.

92. Mrs. Perez has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

93. Mrs. Perez has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT X – Malicious Statutory Libel

### (ARIANNA PEREZ vs GCU)

94. Plaintiffs incorporate the preceding allegations by reference.

95. The inaccurate credit information was published with malice or ill-will.

96. Mrs. Perez has suffered damages as a result of this malicious libel by GCU in violation of M.C.L. § 600.2911.

97. Mrs. Perez is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### Demand for Jury Trial

98. Plaintiffs demand trial by jury in this action.

## **Demand For Judgment for Relief**

*ACCORDINGLY, Plaintiffs request that this Court:*

a.    *Assume jurisdiction over all claims;.*

b.    *Award actual damages.*

c.    *Award statutory damages.*

d.    *Award punitive damages.*

e.    *Award statutory costs and attorney fees.*


                              Respectfully Submitted,

                              ADAM G. TAUB & ASSOCIATES
                              CONSUMER LAW GROUP, PLC

                              By:    /s/ Adam G. Taub
                                     Adam G. Taub (P48703)
                                     Attorney for Alexander Perez
                                     17200 West 10 Mile Rd. Suite 200
                                     Southfield, MI 48075
                                     Phone:  (248) 746-3790
                                     Email:   adamgtaub@clgplc.net

Dated: February 26, 2026